DAVID ALLEN, OVERSEER, v. ALBERT B. HILES.

Submitted July 5, 1901—Decided November 11, 1901.

A person appointed by a township committee to superintend the making and repairing of roads, under a supplement to the Road act (*Gen. Stat.,* § 2835), is not the overseer of the highways authorized by section 50 of "An act concerning roads" (*Gen. Stat., p.* 2817) to bring the action to recover the penalty provided by that section for narrowing, encroaching upon, stopping or obstructing a highway.

On *certiorari.*

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *William T. Hilliard.*

For the defendant, *Jonathan W. Acton.*

The opinion of the court was delivered by

GARRETSON, J.   This is a *certiorari* to remove a judgment of the Court of Common Pleas of Salem county.

The prosecutor of this writ brought suit as overseer of a highway, before a Court for the Trial of Small Causes, to recover a penalty of $10 from the defendant for encroaching upon and obstructing such highway, and recovered a judgment for that penalty.

Upon appeal the judgment was reversed by the Salem Common Pleas.   The judge before whom the appeal was tried certifies that on the trial he found that the road was, at the time of the alleged obstruction, a public highway; that the defendant had obstructed it in the manner complained of, and that the plaintiff was duly appointed by the township committee to superintend the making and repairing of roads in the district in which the road in question is situate, under the provisions of the act entitled "A further supplement to an act concerning roads" [Revision], approved March 27th, 1874, which further supplement was approved March 12th, 1891.

This suit was brought under the provisions of section 50 of "An act concerning roads" [Revision], approved March 27th, 1874 (*Gen. Stat., p.* 2817), which section is as follows: "That if any person shall narrow, encroach upon, stop or obstruct any highway he shall, for every such offence, forfeit and pay ten dollars, to be recovered by action of debt, with costs, by the overseer of such highway, in any court of record having cognizance of that sum, and applied to the repairs of the highways."

The duty of making and repairing the public highways was,

from the earliest times, imposed upon the townships (*Leam. & Spi.* 459), and this obligation has remained upon the townships to the present day, unless other provisions have been made by special laws. The townships have always been required to provide the money and labor necessary for these purposes. "An act incorporating townships," passed February 21st, 1798 (*Elm. Dig.* 571), and "An act concerning roads," passed February 9th, 1818 (*Id.* 472); "An act incorporating townships" [Revision], approved April 14th, 1846 (*Gen. Stat., p.* 3583, § 11); "An act concerning roads" [Revision], approved April 16th, 1846; "An act concerning roads" [Revision], approved March 27th, 1874 (*Gen. Stat., p.* 2814, § 39); "An act concerning townships" [Revision, 1899], (*Pamph. L.* 1901, *p.* 382).

This duty of making and repairing the public highways was, beginning as early as 1683, exercised through officers known as overseers of the highways, who were first appointed by the courts (*Leam. & Spi.* 549), and afterwards elected by the people in town meeting (*Pal. L., p.* 276, § 12); "An act incorporating townships" (*Gen. Stat., p.* 3583, § 12); subsequent statutes as to the election of overseers of the highways were passed; act of 1859 (*Gen. Stat., p.* 2841, § 177), which provided for their election by road districts; also acts of 1885 (*Gen. Stat., p.* 2932, § 538). These acts do not seem to have been repealed.

In 1891 "A further supplement to an act entitled 'An act concerning roads' [Revision], approved March 27th, 1874" (*Gen. Stat., p.* 2835), was passed, by which it was enacted: "That the township committee of each township shall have the full supervision, management and control of the making and repairing of all roads in said township, and may make and repair the same by hire or by contract, and for that purpose may annually appoint a competent person or persons to superintend the making and repairing of all roads and cutting and removal of all briars and woods, and he shall hold his position at the pleasure of the township committee." By this act the duties formerly performed by overseers of the highways, as to the making and repairing of roads, are im-

posed upon the township committee. The township committee stands in the place of the overseer. While there is no act expressly abolishing the office of overseers of the highways or repealing the acts under which their election was authorized and their duties defined, it is quite clear that the conferring of all these duties upon the township committee by the act of 1891, in effect, caused that office to cease to exist, and that seems to have been the understanding of the legislature when, in passing the general act of 1889 relating to townships, they no longer included him among township officers.

The plaintiff in this action is the person appointed by the township committee to superintend the making and repairing of the road in question; he is not the overseer of the highways elected for that purpose; he is not designated as such. This appointed superintendent holds his office only at the pleasure of the township committee, and no duties or penalties for neglect of duty are imposed upon him, other than those within the direction of the township committee. The overseer of the highways was a public officer, holding his office for a fixed term, and entirely independent of the township committee, having duties and subject to penalties fixed by law. The mere fact that the plaintiff exercised some of the duties of an overseer of the highways is not sufficient to authorize him to bring this action. He can maintain the action only in his official character. He has no official name given him; as the employe of the township he has no official character.

In the case of *Green* v. *Kleinhans*, 2 *Gr.* 473, it appeared that Kleinhans, who brought suit to recover a penalty of $10 for obstructing the highway, had been elected overseer of the highways by the voters of the division of the highway as it had before been assigned by the township committee, and not by the vote of the voters at town meeting. The court in that case held that "the right of the plaintiff below to maintain this action in his official character [and he can maintain it in no other] cannot be supported upon the doctrine of officers *de facto*."

The judgment of the Salem Common Pleas will be affirmed.